[No. 40464-4-I.   Division One.   June 1, 1998.]
THE STATE OF WASHINGTON, *Respondent*, v. LAMAR ARMSTRONG, *Appellant*.

*James R. Dixon* of *Nielsen, Broman & Associates, P.L.L.C.*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Amy J. Freedheim, Deputy*, for respondent.

BECKER, J. — Lamar Armstrong appeals various conditions of community placement imposed by the trial court as part of his sentence for a sex offense. Because Armstrong has not shown that any condition fails to comply with the Sentencing Reform Act or is manifestly unreasonable, we affirm.

Lamar Armstrong was convicted of rape of a child. The court was required by statute to impose conditions of community placement as a part of the sentence.[1]

Community placement involves six standard conditions

---

[1]RCW 9.94A.120(9)(b) (formerly codified in subsection (8)).

which must be imposed and with which the defendant must comply for two years after being released from prison.[2] The statute also lists a number of special conditions, which the court in its discretion may also impose.

As a part of any sentence imposed under (a) or (b) of this subsection, the court may also order any of the following special conditions:

(i) The offender shall remain within, or outside of, a specified geographical boundary;

(ii) The offender shall not have direct or indirect contact with the victim of the crime or a specified class of individuals;

(iii) The offender shall participate in crime-related treatment or counseling services;

(iv) The offender shall not consume alcohol;

(v) The offender shall comply with any crime-related prohibitions; or

(vi) For an offender convicted of a felony sex offense against a minor victim after June 6, 1996, the offender shall comply with any terms and conditions of community placement imposed by the department of corrections relating to contact between the sex offender and a minor victim or a child of similar age or circumstance as a previous victim.[3]

Armstrong asks us to strike various special conditions that the court here elected to impose as part of his community placement. In imposing these conditions, the trial court considered recommendations in the presentence report submitted by the Community Corrections Officer.

## REVIEWABILITY OF SPECIAL CONDITIONS

■■ Armstrong did not object at the sentencing hearing to any of the conditions imposed by the trial court, aside from voicing a concern pertaining to his health. This court generally will not address an issue which was not

[2] RCW 9.94A.120(9)(b).

[3] RCW 9.94A.120(9)(c).

raised in the trial court.[4] With respect to alleged trial errors, our courts are unwilling to let a defendant go to trial, speculate on the outcome, and then claim error raised for the first time on appeal.[5] However, in cases such as *State v. Paine*,[6] *State v. Roche*,[7] and *State v. Moen*,[8] it has become well established that a party may raise for the first time on appeal a challenge to a sentence on the basis that it is contrary to law. A justification for this rule is that it tends to bring sentences into conformity and compliance with existing sentencing statutes. Also, it avoids permitting widely varying sentences to stand for no reason other than the failure of counsel to register a proper objection in the trial court.[9] Challenges raised for the first time on appeal to an order of restitution,[10] or to the calculation of an offender score,[11] do not present the same potential for abuse, speculation, and waste of time and resources as do belated challenges to alleged trial errors.

Under the rule of review established in *Paine*, *Roche* and *Moen*, Armstrong did not waive his right to review the legality of the community placement conditions by his failure to object below. We note, however, that a defendant who genuinely perceives conditions of community placement as unfair or impractical is well advised to raise those concerns in the trial court. The right to have review of a sentence to correct errors of law does not carry with it a right to a remand for fuller development of pertinent facts. If Armstrong had raised his objections in the trial court, the State could have made a more complete record in sup-

---

[4]*State v. Wiley*, 63 Wn. App. 480, 482, 820 P.2d 513 (1991), *overruled in part*, *State v. Moen*, 129 Wn.2d 535, 547, 919 P.2d 69 (1996).

[5]*State v. Moen*, 129 Wn.2d 535, 547, 919 P.2d 69 (1996).

[6]*State v. Paine*, 69 Wn. App. 873, 884, 850 P.2d 1369 (1993).

[7]*State v. Roche*, 75 Wn. App. 500, 513, 878 P.2d 497 (1994).

[8]*State v. Moen*, 129 Wn.2d at 547.

[9]*State v. Paine*, 69 Wn. App. at 884; *State v. Moen*, 129 Wn.2d at 545-47.

[10]*Id.* at 547.

[11]*State v. Roche*, 75 Wn. App. at 513.

port of them. Similarly, the trial court could have either modified the conditions or made a more thorough statement on the record in explaining its reasoning for imposing the challenged conditions. Vagueness objections raised for the first time on appeal might have produced more precise wording if raised below. For these reasons, we adhere to the usual rule that the party seeking review has the burden of perfecting the record so that this court has all relevant evidence.[12]

■ In the present case, the presentence report is not part of the record on appeal, so this court does not know for what reason, if any, the Community Corrections Officer requested the special conditions. We therefore can give only a limited review to Armstrong's argument that a prohibition against viewing pornography is not "crime-related." The statutory definition of a "crime-related" prohibition is an order "prohibiting conduct that directly relates to the circumstances of the crime for which the offender has been convicted."[13] We have previously held that no causal link need be established between the condition imposed and the crime committed, so long as the condition is related to the circumstances of the crime.[14] Without the presentence report in the record to inform this court of the circumstances of the crime and the reason for the pornography prohibition, we cannot conclude the condition is unrelated to the circumstances of the crime.

As explained in the remainder of this opinion, the panel has concluded that the sentence should be affirmed. Because the remainder of the opinion lacks precedential value, it will not be published but will be filed for public record in accordance with the rules governing unpublished opinions.

---

[12]*State v. Garcia*, 45 Wn. App. 132, 140, 724 P.2d 412 (1986); RAP 9.6.

[13]RCW 9.94A.030(11) (1994).

[14]*See State v. Llamas-Villa*, 67 Wn. App. 448, 456, 836 P.2d 239 (1992).

KENNEDY, C.J., and WEBSTER, J., concur.