# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of | No. 57817-4-II |
| JORDAN ROBERT WEKENBORG-GARCIA, | UNPUBLISHED OPINION |
| Petitioner. | |

GLASGOW, J.—Jordan Robert Wekenborg-Garcia seeks relief from personal restraint imposed following his plea of guilty for three counts of first degree rape of a child in Pacific County Superior Court cause number 22-1-00004-25. In this petition, Wekenborg-Garcia argues that he received ineffective assistance of counsel for a variety of reasons, that the trial court imposed excessive bail and violated his right to counsel at the bail hearing, and that the trial court exceeded its jurisdiction by imposing a maximum term of life. We deny the petition.

FACTS

In early 2022, 10-year-old TD revealed to friends that her mother's fiancé, Wekenborg-Garcia, had been raping her since she was 4 years old. The allegation was reported to law enforcement who interviewed Wekenborg-Garcia. After being read his *Miranda* [1] rights, Wekenborg-Garcia admitted to 6-7 incidents involving oral intercourse and digital penetration

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

with TD. Following the interview, law enforcement arrested Wekenborg-Garcia for 6 counts of first degree rape of a child.

The State ultimately charged Wekenborg-Garcia with 3 counts of first degree rape of a child (domestic violence). At his first pretrial appearance, the trial court appointed counsel and set bail at $1,000,000, as requested by the State. Appointed counsel was not present for that hearing. The following month, Wekenborg-Garcia entered guilty pleas to all three charges. As part of the plea negotiations, the State recommended the low-end of the standard sentencing range—162 months.

At sentencing, Wekenborg-Garcia's defense counsel explained that the speedy resolution of the case was driven by Wekenborg-Garcia's desire to "take care of it early." Verbatim Rep. of Proc. (VRP) at 25. Counsel informed the court, "This is the exact case where a plea of guilty is really a benefit to actually everybody," noting how traumatic testifying at trial could be for child sex victims. VRP at 25-26. The trial court imposed an indeterminate sentence of 162 months to life in prison, the low end of the standard sentence range.

Wekenborg-Garcia filed this timely personal restraint petition (PRP) alleging that he received ineffective assistance of counsel, the trial court imposed excessive bail and denied his right to counsel at the bail hearing, and his sentence exceeded the trial court's authority. After initial consideration, this court determined that Wekenborg-Garcia's petition was not frivolous, appointed counsel, and requested additional briefing.

ANALYSIS

I. PERSONAL RESTRAINT PETITION STANDARDS

The petitioner carries the initial burden to support their PRP. RAP 16.4; *In re Pers. Restraint of Lord*, 152 Wn.2d 182, 188, 94 P.3d 952 (2004). A petitioner must prove either a constitutional error that results in actual and substantial prejudice or a nonconstitutional error that constitutes a fundamental defect which inherently results in a complete miscarriage of justice. *In re Pers. Restraint of Swagerty*, 186 Wn.2d 801, 807, 383 P.3d 454 (2016). The petitioner must prove the error by a preponderance of the evidence. *Lord*, 152 Wn.2d at 188. In addition, the petitioner must support the petition with facts or evidence and may not rely solely on conclusory allegations. *In re Pers. Restraint of Yates*, 177 Wn.2d 1, 18, 296 P.3d 872 (2013); *see* RAP 16.7(a)(2)(i).

We have three options when reviewing a PRP. We can (1) dismiss the petition, (2) grant the petition, or (3) transfer the petition to the trial court for either a full determination on the merits or a reference hearing. *Yates*, 177 Wn.2d at 17. The threshold question for an alleged constitutional violation is whether the petitioner has made a prima facie case that a constitutional violation occurred and that it resulted in actual prejudice. *Id*. at 17–18. If a petitioner fails to make a prima facie showing of actual prejudice, we will dismiss the claim. *Id*. at 17. If the petitioner establishes that a constitutional violation and actual prejudice occurred, we will grant the petition. *Id*. at 18. If a petitioner makes a prima facie showing but we cannot determine the petition's merits on the record, we will remand for a reference hearing. *Id*.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Wekenborg-Garcia argues that his trial counsel rendered ineffective assistance by failing to investigate potential witnesses, defenses, or mitigating sentencing factors; by failing to inform Wekenborg-Garcia of his legal options or adequately discuss the case with him; by failing to challenge the admissibility of his confessions; and by failing to request a lower bail amount. We hold that Wekenborg-Garcia fails to show that any deficient performance by his trial counsel was prejudicial.

To prevail on an ineffective assistance of counsel claim, Wekenborg-Garcia must show that trial counsel's performance was deficient and that Wekenborg-Garcia was prejudiced by the deficient performance. *In re Pers. Restraint of Crace*, 174 Wn.2d 835, 840, 280 P.3d 1102 (2012) (citing *Strickland v. Washington*, 466 U.S. 668, 700, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). A petitioner demonstrates deficient performance by showing that defense counsel's conduct fell below an objective standard of reasonableness. *In re Pers. Restraint of Rice*, 118 Wn.2d 876, 888, 828 P.2d 1086 (1992). To demonstrate prejudice, Wekenborg-Garcia must show a "'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Crace*, 174 Wn.2d at 840 (quoting *Strickland*, 466 U.S. at 694). "[I]f a personal restraint petitioner makes a successful ineffective assistance of counsel claim, he has necessarily met his burden to show actual and substantial prejudice" under the standard for PRPs. *Id.* at 846-47.

A defense attorney's failure to investigate, when combined with other deficiencies, can amount to ineffective assistance of counsel. *State v. A.N.J.*, 168 Wn.2d 91, 110, 225 P.3d 956

(2010). The obligation to conduct a reasonable investigation relates to trial counsel's obligation to inform his or her client of their options and potential outcomes. Counsel has a duty to assist a defendant in evaluating a plea offer. *Id.* at 111. This duty includes assisting the defendant in making an informed decision about whether to plead guilty or to proceed to trial. *Id.* "[A]t the very least, counsel must reasonably evaluate the evidence against the accused and the likelihood of a conviction if the case proceeds to trial so that the defendant can make a meaningful decision as to whether or not to plead guilty." *Id.* at 111-12.

Here, Wekenborg-Garcia asserts that his trial counsel met with him an average of once per month and failed to meaningfully discuss the case or his legal options. He also asserts that he informed his counsel about "a multitude of mitigating evidence as well as a number of character witnesses" who could have been helpful, but trial counsel did not follow up. Pers. Restraint Pet. at 11. But Wekenborg-Garcia does not explain what the mitigating evidence was, nor does he explain what his proposed witnesses would have said.

Even assuming without deciding that counsel's performance was deficient, Wekenborg-Garcia fails to show that he was prejudiced by that performance. Whether counsel's failure to investigate prejudiced the petitioner depends on the likelihood that the evidence would have led counsel to change his plea. *In re Pers. Restraint of Clements*, 125 Wn. App. 634, 646, 106 P.3d 244 (2005). That assessment depends on whether the evidence likely would have changed the outcome of a trial. *Id.* A bare assertion that the petitioner would not have pleaded guilty but for the alleged deficiency is insufficient. *In re Pers. Restraint of Elmore*, 162 Wn.2d 236, 254, 172 P.3d 335 (2007).

Wekenborg-Garcia does not identify with any specificity what evidence could have been produced in his defense with a more robust investigation before his plea, nor does he show that such evidence would likely have changed counsel's plea recommendation. *Clements*, 125 Wn. App. at 646. Nor does Wekenborg-Garcia state with particularity that he would not have pleaded guilty had trial counsel's performance been different or had he been better informed. *Elmore*, 162 Wn.2d at 254.

Wekenborg-Garcia does not contest the reasons he originally gave for his quick decision to plead guilty. Wekenborg-Garcia never denied the allegations. In fact, he admitted to engaging in sexual intercourse with TD 6-7 times.[2] At sentencing, his trial counsel explained that the speedy resolution of the case was driven by Wekenborg-Garcia's desire to take responsibility and to spare his victim the burden of testifying at trial. And in return, Wekenborg-Garcia received a favorable resolution—3 counts rather than 6 or 7, and a joint recommendation of a low-end standard sentence.

On this record, Wekenborg-Garcia fails to show that he is entitled to collateral relief based on ineffective assistance of counsel.[3]

### III. BAIL HEARING

A.    CrR 3.2 & Excessive Bail

---

[2] Although Wekenborg-Garcia alleges that his trial counsel should have investigated the admissibility of his confession, he does refute that he received his *Miranda* warnings before the interview or identify any other deficiency that would prevent the confession from being admissible at trial.

[3] On August 11, 2023, the State moved to transfer this petition to Pacific County Superior Court for a reference hearing under RAP 16.12. We initially responded that we would consider that motion upon consideration of the PRP. The State does not concede in its briefing that a reference hearing is necessary. We now deny the State's motion to transfer for a reference hearing.

57817-4-II

Wekenborg-Garcia also argues that the trial court violated CrR 3.2 by failing to consider the factors required to overcome the presumption of release on personal recognizance and by imposing excessive bail. This issue is moot.

The issues related to pretrial bail and release are moot because we can no longer provide effective relief postconviction. *State v. Ingram*, 9 Wn. App. 2d 482, 490, 447 P.3d 192 (2019). Wekenborg-Garcia does not contend that these issues are of continuing and substantial public interest such that we should consider them in spite of their mootness. *Id*. These claims do not present an opportunity for us to issue new guidance on these issues and, thus, given that we cannot provide effective relief, we decline to further review his bail related arguments.

B.    Right to Counsel

Wekenborg-Garcia also argues that the trial court violated his constitutional right to counsel at the bail hearing. The Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution both guarantee criminal defendants the right to counsel. *State v. Charlton*, 2 Wn.3d 421, 423-24, 538 P.3d 1289 (2023). This constitutional right attaches at a defendant's "first appearance before a judicial officer" where "a defendant is told of the formal accusation against him and restrictions are imposed on his liberty." *Rothgery v. Gillespie County*, 554 U.S. 191, 194, 128 S. Ct. 2578, 171 L. Ed. 2d 366 (2008).

"Denial of counsel at a critical stage of prosecution is structural error that requires automatic reversal." *Charlton*, 2 Wn.3d at 427. A critical stage is one where "'a defendant's rights may be lost, defenses waived, privileges claimed or waived, or in which the outcome of the case is otherwise substantially affected.'" *State v. Heddick*, 166 Wn.2d 898, 910, 215 P.3d 201 (2009) (quoting *State v. Agtuca*, 12 Wn. App. 402, 404, 529 P.2d 1159 (1974)). In *Charlton*, the

7

Washington Supreme Court held that a pretrial hearing at which bail was set was not a critical stage of litigation such that the denial of counsel was structural error requiring reversal. 2 Wn.3d at 427. Likewise, here, nothing happened at Wekenborg-Garcia's bail hearing that had any kind of demonstrable effect on the outcome of his case, nor can he establish anything that happened that affected his judgment and sentence. *Id*. Accordingly, counsel's absence at the hearing did not amount to structural error requiring reversal.

Nonetheless, Wekenborg-Garcia's constitutional right to counsel had attached at the bail hearing. Thus, the absence of his counsel violated the Sixth Amendment, and constitutional harmless error applies. *Id*. at 428. "When constitutional harmless error applies, we must reverse unless we are persuaded, beyond a reasonable doubt," that the error did not affect the outcome. *Id*. at 428-29. Nothing in the record suggests that counsel's absence at the bail hearing affected the outcome of the case in any way. Accordingly, we hold that while the denial of his counsel at the hearing was constitutional error, any error was harmless.

IV. STATUTORY MAXIMUM

Wekenborg-Garcia also argues that the superior court exceeded its jurisdiction by imposing an indeterminate sentence with a maximum term of life. Jurisdiction refers to personal or subject matter jurisdiction. *In re Pers. Restraint of Runyan*, 121 Wn.2d 432, 441 n.5, 853 P.2d 424 (1993). "A court has 'subject matter jurisdiction where the court has the authority to adjudicate the *type of controversy* in the action, and . . . it does not lose subject matter jurisdiction merely by interpreting the law erroneously.'" *In re Pers. Restraint of Vehlewald*, 92 Wn. App. 197, 201-02, 963 P.2d 903 (1998) (alteration in original) (quoting *State v. Moen*, 129 Wn.2d 535, 545, 919 P.2d 69 (1996)).

RCW 9.94A.507 governs the sentences of certain sex offenders, including those convicted of first degree child rape. Offenders subject to RCW 9.94A.507 are sentenced to indeterminate sentences within the mandatory minimum sentence and the statutory maximum sentence for the crime. RCW 9.94A.507(3)(a)-(b). RCW 9A.20.021(1)(a) provides the maximum sentences for crimes and establishes that the maximum term of confinement for a class A felony is life.

Washington courts have consistently held that the "statutory maximum" means the maximum sentence under RCW 9A.20.021 and not the high end of the standard range under the Sentencing Reform Act of 1981 (SRA), ch. 9A.94 RCW. *In re Pers. Restraint of Sargent*, 20 Wn. App. 2d 186, 195, 499 P.3d 241 (2021); *see, e.g., State v. Bobenhouse*, 143 Wn. App. 315, 331, 177 P.3d 209 (2008) (statutory maximum for first degree child rape is life) (citing RCW 9A.20.021(1)(a)); *State v. Adams*, 138 Wn. App. 36, 51, 155 P.3d 989 (2007) (statutory maximum for class A felony is life imprisonment) (citing RCW 9A.20.021(1)(a)).

Despite Wekenborg-Garcia's assertion that the trial court misinterpreted the definition of statutory maximum, the relevant statues authorized the superior court to impose an indeterminate sentence with a maximum term of life. Accordingly, the trial court did not exceed its jurisdiction in imposing the sentence.

## CONCLUSION

We deny Wekenborg-Garcia's petition.

57817-4-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

Maxa, J.

Veljacic, A.C.J.

10