[No. 12491-9-I.   Division One.   January 16, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. VERLIN RONALD SARGENT, *Appellant.*

*Raymond H. Thoenig* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *M. J. Coyle, Deputy,* for respondent.

SWANSON, J.—At a juvenile disposition hearing on October 7, 1982, middle offender Verlin Sargent was sentenced, in connection with his third degree theft conviction, to 3 months of community supervision, 20 hours of community service, and a mandatory penalty assessment of $50. Sargent timely appeals alleging that (1) imposition of a $50 mandatory penalty under the crime victims compensation assistance act (RCW 7.68.010 *et seq.*) was not legislatively authorized in juvenile offense disposition hearings; and (2) even. if the penalty was applicable, its imposition was not mandatory. We disagree with both contentions and affirm the trial court's decision.

■ Defense counsel posed argument against, but failed to object to, imposition of the penalty assessment at the disposition hearing. Nevertheless, we will consider the imposition of a crime victims compensation assistance act penalty in juvenile disposition cases, because a trial court's lack of jurisdiction, *e.g.,* where it imposes a sentence contrary to law, *State v. Loux,* 69 Wn.2d 855, 420 P.2d 693 (1966), *cert. denied,* 386 U.S. 997 (1967); *State v. Silvernail,* 25 Wn. App. 185, 193, 605 P.2d 1279 (1980), *review denied,* 93 Wn.2d 1021, *cert. denied,* 449 U.S. 843 (1980), may be questioned for the first time on appeal. *Silvernail;*

RAP 2.5.

At the time of the proceeding below, the Juvenile Justice Act of 1977 provided as follows:

The provisions of chapters 13.04 and 13.40 RCW, as now or hereafter amended, shall be the exclusive authority for the adjudication and disposition of juvenile offenders except where otherwise *expressly* provided.

(Italics ours.) RCW 13.04.450. The crime victims compensation assistance act *expressly* provided that its penalty assessment applied to juvenile dispositions:

(1) Whenever any person is found guilty in any court of competent jurisdiction of having committed a crime, . . . there shall be imposed by the court upon such convicted person a penalty assessment of fifty dollars for a felony or gross misdemeanor and twenty–five dollars for a misdemeanor. The assessment shall be in addition to any other penalty or fine imposed by law.

. . .

(7) Penalty assessments under this section shall also be imposed in juvenile offense dispositions under Title 13 RCW.

RCW 7.68.035. A clearer statement that the penalty applied here would be difficult to find.

"[L]anguage which is clear upon its face does not require or permit any construction. . . . 'Where there is no ambiguity in a statute, there is nothing for this court to interpret.'" *State v. McIntyre,* 92 Wn.2d 620, 622, 600 P.2d 1009 (1979) (quoting *State v. Roth,* 78 Wn.2d 711, 714, 479 P.2d 55 (1971)).

■ Illuminated by the language of RCW 7.68.035(7), the persuasiveness of Sargent's other arguments pales. Nevertheless, Sargent maintains that RCW 7.68.035 is a general statute having as its intent the self–funding of the crime victims program and, as such, statutory construction requires its subjugation to the more specific Juvenile Justice Act of 1977. Although the stated intent of the crime victims compensation assistance act may not parallel the intent or purpose associated with the Juvenile Justice Act of 1977, the former is express in its application. Such a

specific address to the disposition of juveniles prevails over any general rules of statutory construction.

Sargent also contends that because RCW 7.68.035(1) applies a penalty assessment to anyone guilty of having committed a *crime,* and a delinquent juvenile is deemed not to have been convicted of a *crime,*[1] *see In re Frederick,* 93 Wn.2d 28, 30, 604 P.2d 953 (1980), the penalty must not apply. RCW 7.68.035(7), however, refers not to *crimes,* but to "juvenile offense dispositions under Title 13 RCW." Thus, the penalty applies without ambiguity.

Additionally, the Legislature enacted RCW 7.68.035(7) 5 years after enacting the Juvenile Justice Act of 1977. This chronological sequence of enactments further supports the conclusion that the Legislature intended the penalty assessment to apply to juvenile offense disposition hearings. *See In re Marriage of Little,* 96 Wn.2d 183, 634 P.2d 498 (1981); *Amburn v. Daly,* 81 Wn.2d 241, 501 P.2d 178 (1972).

Sargent next contends that even if the penalty applies, its imposition is discretionary. He maintains that the unyielding, mandatory application of the penalty does not comport with the purpose or intent behind the juvenile justice act, *i.e.,* that the juvenile system "respond to the needs of the juvenile offender . . .". *State v. Rice,* 98 Wn.2d 384, 393, 655 P.2d 1145 (1982). Therefore, he asserts that the Legislature must have intended the application to be discretionary, applying only when the State supplied sufficient cause in a particular case.

■■ We do not agree. Both sections (1) and (7) of RCW 7.68.035 utilized the word *shall.* Generally, the word *shall* creates an imperative obligation unless the opposite legislative intent can be discerned. *State v. Bryan,* 93

---

[1] "Court order not deemed conviction of crime. An order of court adjudging a child delinquent or dependent under the provisions of this chapter shall in no case be deemed a conviction of crime." RCW 13.04.240.

Wn.2d 177, 183, 606 P.2d 1228 (1980).[2]

"When a material change in a statute is made, a change in legislative intent is presumed." *Benson v. Roberts*, 35 Wn. App. 362, 364, 666 P.2d 947 (1983). After considering subsequent legislative acts, *State v. Murphy*, 35 Wn. App. 658, 669 P.2d 891 (1983), we are convinced that the Legislature intended the penalty to be applied in a mandatory fashion. The recently amended RCW 7.68.035(7) reads as follows:

> (7) Penalty assessments under this section shall also be imposed in juvenile offense dispositions under Title 13 RCW. Upon motion of a party and a showing of good cause, the court may modify the penalty assessment in the disposition of juvenile offenses under Title 13 RCW.

Laws of 1983, ch. 239, § 1 (underlining indicates 1983 amendments).[3] Rather than shifting to the State the burden to convince the trial court that the penalty should apply, as would be the case had the Legislature (1) intended the word *shall* to be permissive or (2) substituted the permissive word *may* for the mandatory word *shall,* the amendment places upon the juvenile defendant the burden to show good cause why the penalty (after having been imposed) should be modified. This amendatory evolution, when construed together with the clarity with which the Legislature has spoken, emphasizes the mandatory nature of the penalty.

Accordingly, we hold that the crime victims compensation assistance act penalty applied unequivocally and man-

---

[2]Cases which have determined the word "shall" to have been directory rather than mandatory typically have revolved around statutes related to time, manner, or procedure. *E.g., Niichel v. Lancaster,* 97 Wn.2d 620, 624, 647 P.2d 1021 (1982); *State v. Miller,* 32 Wn.2d 149, 154, 201 P.2d 136 (1948). Thus, they are not dispositive.

[3]*See also* Laws of 1983, ch. 191, § 15, amending RCW 13.40.200, which allows the court to modify any "penalty assessments" where the juvenile cannot reasonably comply with the order.

468

datorily to the juvenile disposition below.

RINGOLD and SCHOLFIELD, JJ., concur.