[No. 12970–8–I.   Division One.   February 14, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHN
SCHWEITZER, *Appellant.*

*Randy Barnard,* for appellant (appointed counsel for appeal).

*Norm Maleng, Prosecuting Attorney,* and *Daniel Gibson, Deputy,* for respondent.

CALLOW, J.—John Schweitzer appeals from a juvenile court disposition order seeking to set aside the imposition of a $50 mandatory penalty under the victims of crimes—compensation, assistance act (RCW 7.68.035) on the ground that it was not legislatively authorized in juvenile cases involving diversion.

Schweitzer was arrested and charged in juvenile court with malicious mischief in the third degree and simple

assault. He refused to enter into a diversionary agreement pursuant to RCW 13.40.070 and was found guilty as charged after a fact–finding hearing. At the disposition hearing the probation officer recommended, and defense counsel concurred, that since the defendant was over the age of 18, the only penalty imposed should be the $50 penalty assessment. In view of this the trial court imposed the penalty assessment. Schweitzer appeals.

The issue presented is whether a trial court may impose a penalty assessment under RCW 7.68.035 in a case where a juvenile has declined an offer to enter into a diversion agreement and is subsequently found guilty at trial.

RCW 7.68.035, the victims of crimes—compensation, assistance act, provides in part:

> (1) Whenever any person is found guilty in any court of competent jurisdiction of having committed a crime, . . . there shall be imposed by the court upon such convicted person a penalty assessment. The assessment shall be in addition to any other penalty or fine imposed by law and shall be fifty dollars for each case or cause of action that includes one or more convictions of a felony or gross misdemeanor and twenty–five dollars for any case or cause of action that includes convictions of only one or more misdemeanors.
>
> . . .
>
> (7) Penalty assessments under this section shall also be imposed in juvenile offense dispositions under Title 13 . . .

RCW 13.40.160 provides in part:

> (3) Where a respondent is found to have committed an offense for which the respondent declined to enter into a diversion agreement, the court shall impose a term of community supervision limited to the conditions allowed in a diversion agreement as provided in RCW 13.40-.080(2) as now or hereafter amended.

RCW 13.40.080 provides in part:

> (2) A diversion agreement shall be limited to:
> (a) Community service not to exceed one hundred fifty hours, not to be performed during school hours if the juvenile is attending school;

(b) Restitution limited to the amount of actual loss incurred by the victim, and to an amount the juvenile has the means or potential means to pay;

(c) Attendance at up to two hours of counseling and/or up to ten hours of educational or informational sessions at a community agency: *Provided,* That the state shall not be liable for costs resulting from the diversionary unit exercising the option to permit diversion agreements to mandate attendance at up to two hours of counseling and/or up to ten hours of educational or informational sessions . . .

■■ This issue was not raised in the trial court. In fact, at the disposition hearing both the caseworker and counsel for the defendant agreed that the only penalty that should be given in the instant case would be the $50 penalty assessment fee. Since there was no objection to the penalty assessment, the trial court imposed the victims assistance penalty assessment in the amount of $50. Generally a party may not raise an issue for the first time on appeal. However, where a trial court acts in excess of its jurisdiction, it may be raised for the first time on appeal. *State v. Silvernail,* 25 Wn. App. 185, 605 P.2d 1279, *cert. denied,* 449 U.S. 843 (1980). *State v. Sargent,* 36 Wn. App. 463, 674 P.2d 1268 (1984) held that the court has authority under RCW 7.68.035 to assess a penalty where there is no diversion agreement and the juvenile is convicted. *Sargent* rejected the argument that the Juvenile Justice Act of 1977 controls because it is a more specific statute than RCW 7.68.035. The court reasoned that the specific provision applying the penalty to juvenile dispositions prevails over general rules of statutory construction. The court further stated at page 466:

[T]he Legislature enacted RCW 7.68.035(7) 5 years after enacting the Juvenile Justice Act of 1977. This chronological sequence of enactments further supports the conclusion that the Legislature intended the penalty assessment to apply to juvenile offense disposition hearings.

The court's rationale applies here, even though *Sargent* apparently did not involve conviction following decline of

diversion. Schweitzer has not advanced a statutory interpretation argument that would carve an exception for his case from the *Sargent* rationale.

The disposition order is affirmed.

CORBETT, A.C.J., and SCHOLFIELD, J., concur.