[No. 12307-3-III. Division Three. May 10, 1994.]

THE STATE OF WASHINGTON, *Appellant*, v. ANTHONY JACOB DERR, *Respondent*.

*Donald C. Brockett, Prosecuting Attorney,* and *Martin D. Rollins, Deputy,* for appellant.

*John Whaley* of *Spokane Public Defender's Office,* for respondent.

MUNSON, J. — The State of Washington appeals the juvenile court order authorizing modification of the mandatory crime victims' compensation assistance act penalty assessment[1] in the disposition of the offense. The State contends the juvenile court does not have authority to modify the mandatory penalty at the time of the disposition hearing. Mr. Derr cross-appeals, contending modification should not be limited to community service.

Anthony Derr pleaded guilty to a charge of second degree criminal trespass. At the disposition hearing, following a predisposition study, Wayne Ristau of the Department of Juvenile Court Services advised the court of Mr. Derr's background and circumstances and recommended a disposition of 8 hours of community service. Mr. Ristau also recommended modification of the $75 penalty assessment. The State agreed with Mr. Ristau's recommendation but pointed out the prior practice had been to impose the entire penalty assessment and at some later time convert it to community service hours. Mr. Derr's attorney asked the court to modify the penalty assessment to $10 or less. The juvenile court commissioner imposed the $75 penalty assessment and modified it to $5.

The State moved for revision of the commissioner's disposition, contending the mandatory penalty is modifiable only pursuant to RCW 13.40.200 after a juvenile has failed to comply with the order of penalty assessments.[2] The court

---

[1]RCW 7.68.035 reads:

"(1) Whenever any person is found guilty in any superior court of having committed a crime . . . there shall be imposed by the court upon such convicted person a penalty assessment. The assessment shall be . . . seventy-five dollars for any case or cause of action that includes convictions of only one or more misdemeanors.

". . . .

"(7) Penalty assessments under this section shall also be imposed in juvenile offense dispositions under Title 13 RCW. Upon motion of a party and a showing of good cause, the court may modify the penalty assessment in the disposition of juvenile offenses under Title 13 RCW."

[2]RCW 13.40.200 reads:

"(1) When a respondent fails to comply with an order of . . . penalty assessments . . . the court upon motion of the prosecutor or its own motion, may modify the order after a hearing on the violation.

". . . .

ruled imposition of the penalty assessment is mandatory, but once imposed, the penalty may be modified at the disposition hearing. The court further ruled the assessment may be converted to community service and may only be modified to a lesser monetary amount if there is a determination the juvenile is unable to perform community service. On remand, the commissioner modified Mr. Derr's penalty assessment from $75 to 18 hours of community service.

The State contends RCW 7.68.035 does not authorize the court to modify the mandatory penalty assessment in the initial disposition of a juvenile offense because the assessment is mandatory. Instead, the State argues, the court must employ the modification procedures contained in RCW 13.40.200, which authorizes modification when a juvenile fails to comply with an order or, due to a change of circumstances after the order is entered, cannot reasonably comply with the order. Because neither failure to comply with a disposition order nor change of circumstances can be established at the time the order is entered, the State reasons some time must elapse after the initial disposition before the mandatory penalty may be modified.

The penalty statute permits modification predicated upon "good cause"; nothing in RCW 7.68.035(7) suggests failure to comply or changed circumstances is required for modification. The penalty statute cites neither RCW 13.40.200 nor any other specific section of RCW Title 13. RCW Title 13 encompasses matters relating to juvenile courts and juveniles. The reference to disposition under RCW Title 13 may be construed as permitting modification only in those cases in which juvenile offenders are tried in juvenile courts.

 Recognizing the mandatory nature of the penalty, *State v. Sargent*, 36 Wn. App. 463, 467, 674 P.2d 1268 (1984) construed the language of RCW 7.68.035(7) permitting modification as requiring the court to first impose the penalty, then shifting the burden to the juvenile to show good

---

"(4) If a respondent has been ordered to pay a fine or monetary penalty and due to a change of circumstance cannot reasonably comply with the order, the court, upon motion of the respondent, may order that the unpaid fine or monetary penalty be converted to community service."

cause why the penalty should be modified. *See State v. Q.D.*, 102 Wn.2d 19, 30, 685 P.2d 557 (1984). Modification is permitted only upon a showing of good cause. *Q.D.*, at 29-30. Neither case law nor the statute itself contains language prohibiting the showing of good cause to be made at the disposition hearing itself.

The statutory procedures were followed here. The commissioner imposed the mandatory penalty. Mr. Derr moved for modification, the probation officer described circumstances which arguably established good cause for modification, and the court modified the penalty. The State has not contended Mr. Derr failed to carry the burden of showing good cause.[3] There was no error.

■ Mr. Derr contends the court erred in ruling the penalty may only be modified to a lesser monetary amount if there is a determination the juvenile is unable to perform community service. The penalty statute, RCW 7.68.035(7), makes no mention whatsoever of community service. Because the provisions of RCW 13.40.200 are not incorporated in the penalty statute, there is no basis for limiting modification to community service. Once good cause has been shown, the form of modification of the penalty is within the sentencing court's discretion.

Reversed and remanded for reimposition of the penalty consistent with this opinion.

THOMPSON, C.J., and SCHULTHEIS, J., concur.

---

[3]The State's argument implies inability to pay, alone, should not be sufficient cause to support modification. The record here discloses a showing of other relevant circumstances, in addition to lack of funds.