963 P.2d 903 (1998)
In re the Personal Restraint Petition of William Gene VEHLEWALD, Petitioner.
No. 39275-1-I.
Court of Appeals of Washington, Division 1.
August 31, 1998.
*904 William Gene Vehlewald, Walla Walla, Eric Broman, Nielsen, Broman & Associates PLLC, J. Andrew Hoyal, Seattle, for Appellant.
Deborah A. Dwyer, King County Pros. Office, Appellate Unit, Seattle, for Respondent.
BAKER, Judge.
A sentencing court's determination of whether multiple offenses encompass the same criminal conduct for sentencing purposes is reviewed for abuse of discretion. Whether or not erroneous, a same criminal conduct determination does not implicate the sentencing court's jurisdiction. We reject William Vehlewald's arguments to the contrary, applying recent case law clarifying the distinction between a decision which exceeds a court's jurisdiction and one which exceeds statutory authority or erroneously interprets the law. Because Vehlewald did not file this personal restraint petition within the one year time limit established in RCW 10.73.090(1), and because the jurisdictional exception, RCW 10.73.100(5), does not apply, we dismiss the petition.

FACTS
Vehlewald was charged with robbery in the first degree, kidnapping in the first degree, and vehicular assault. He entered an Alford[1] plea of guilty to all three counts. In January 1993 he was sentenced at the top of the standard range for each offense. The offender score for each offense included both of the other offenses as separate offenses. After the court imposed sentence, it orally and in writing informed Vehlewald of his right to appeal and to file a personal restraint petition, and of the applicable time limits. No direct appeal was filed.
Vehlewald filed this personal restraint petition in September 1996.[2] In response, the State argued that review of Vehlewald's petition *905 is barred by the `statutory one year limit for filing collateral attacks'.[3] This court ruled that the issues raised by the petition are not frivolous, and appointed counsel to assist Vehlewald. We now address whether RCW 10.73.090(1) precludes Vehlewald from raising the same criminal conduct issue because his petition was filed more than one year after the judgment and sentence became final.[4]

DISCUSSION
An appellate court will only grant relief through a personal restraint petition if such relief may be granted under RCW 10.73.090, 10.73.100, and 10.73.130.[5] Under RCW 10.73.090(1), "[n]o petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." Vehlewald's judgment became final in January 1993.[6] He filed this petition in September 1996. Clearly, a judgment and sentence that is invalid on its face is not barred by the one year time limit.[7] Vehlewald's judgment and sentence is valid on its face. Therefore, under RCW 10.73.090(1) this petition is barred.
RCW 10.73.100, however, lists six exceptions to application of the one year time limit. One of these exceptions is when the petition is based on an allegation that the sentence imposed was in excess of the court's jurisdiction.[8] Jurisdiction in the context of RCW 10.73.100(5) includes personal and subject matter jurisdiction.[9] RCW 10.73.100(5) preserves the jurisdictional inquiry necessitated by our constitutional protection of the writ of habeas corpus.[10]
Vehlewald argues that his sentence is unlawful because the sentencing court erred by failing to find that the facts establishing his guilt for his three offenses encompass the same criminal conduct under RCW 9.94A.400(1)(a). A trial court's determination of whether multiple offenses encompass the same criminal intent is reviewed for abuse of discretion or misapplication of the law.[11]
According to Vehlewald, case law establishes that the trial court's alleged error results in a sentence that exceeds the court's jurisdiction, as that term is used in RCW 10.73.100(5). Vehlewald relies on the following principle: "It is axiomatic that a sentencing court acts without statutory authority when it imposes a sentence based on a miscalculated offender score."[12]
We reject Vehlewald's argument that an incorrect offender score calculation, based on an erroneous same criminal conduct finding, implicates the jurisdiction of the trial court. We rely on recent case law which distinguishes a decision that exceeds jurisdiction *906 from one which exceeds statutory authority.[13]
A court has "subject matter jurisdiction where the court has the authority to adjudicate the type of controversy in the action, and... it does not lose subject matter jurisdiction merely by interpreting the law erroneously."[14] For example, the untimely imposition of restitution as a condition of a sentence is not a jurisdictional defect when the trial court has authority to adjudicate the type of controversy, but does so in violation of the statutory time limit.[15]
In the Matter of the Personal Restraint of Fleming distinguished cases holding that imposition of a sentence not authorized by statute is a basis for granting collateral relief.[16] The court concluded:
These cases do not provide a basis for relief in this case because the petitioners in those cases could never have been legally sentenced as they were. In this case, on the other hand, the sentencing court had the authority to order restitution under RCW 9.94A.140, but did so in an untimely manner.[17]
The sentencing error in Fleming was not jurisdictional.[18] Neither is the alleged sentencing error in this case.
Vehlewald contends that when the Legislature enacted RCW 10.73.090 and RCW 10.73.100 in 1989[19] it was aware that some courts had referred to a sentence imposed contrary to law as a jurisdictional matter.[20] He thus argues that the Legislature must have intended that the RCW 10.73.100(5) exception should apply in cases such as his.[21] We disagree. Before enactment of RCW 10.73.090, no time limit applied to filing a personal restraint petition. In 1989, however, the Legislature enacted a new law to further streamline collateral review of judgments and sentences.[22] The courts have accepted legislative involvement in deciding the scope of collateral relief, as long as the scope of relief afforded is not constricted beyond the boundaries required by our constitution.[23] If we accepted Vehlewald's jurisdiction theory, no sentencing issue would ever be barred under RCW 10.73.090(1). Therefore, we decline Vehlewald's invitation to read RCW 10.73.100(5) so expansively. We may not nullify the statutory time limit and the explicit exceptions established by the Legislature.
Finally, we recognize that a personal restraint petition is not a substitute for an appeal.[24] Therefore, the common law rule regarding when a sentencing error can be raised for the first time on appeal has no application to this case.[25] Our opinion is *907 guided by the purpose of RCW 10.73.090, which is to encourage prisoners to bring their collateral attacks promptly, and to control the flow of postconviction collateral relief petitions.[26]
We hold that an erroneous same criminal conduct determination does not implicate the sentencing court's jurisdiction. We decline to look beyond a facially valid judgment, into a determination that is well within the trial court's discretion. The sentence imposed was not in excess of the court's jurisdiction, and the RCW 10.73.100(5) exception does not apply. Although Vehlewald argues that his efforts to challenge his judgment and sentence were hampered by uncooperative trial attorneys and the fact that he did not receive key documents when he first requested them, there is no due diligence exception to the one year time limit. Therefore, no other exception listed in RCW 10.73.100 applies.
We dismiss this petition because it is barred by the one year time limit established by RCW 10.73.090(1).
WEBSTER and COX, JJ., concur.
NOTES
[1] North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
[2] This petition is the second pro se petition filed by Vehlewald. In February 1996 Vehlewald filed his first petition, arguing that he was not competent to enter his guilty plea or to stand trial due to a history of mental illness. That petition was dismissed as untimely in December 1996. This court rejected Vehlewald's assertion that the one year time limit did not apply because his claims were based on newly discovered evidence. See RCW 10.73.100(1).
[3] See RCW 10.73.090(1).
[4] This court directed the parties to consider three other issues that are not relevant to our opinion.
[5] RAP 16.4(d).
[6] See RCW 10.73.090(3)(a).
[7] See RCW 10.73.090(1); see also State v. Klump, 80 Wash.App. 391, 397, 909 P.2d 317 (1996) (holding that the one year time limit of RCW 10.73.090(1) did not apply because the federal sentence to which State sentence referred was later invalidated, and State sentence therefore became invalid on its face).
[8] RCW 10.73.100(5).
[9] Klump, 80 Wash.App. at 396, 909 P.2d 317 (citing In the Matter of the Personal Restraint of Runyan, 121 Wash.2d 432, 441 n. 5, 853 P.2d 424 (1993) (noting that RCW 10.73.090 protects the rights of citizens to challenge the jurisdiction of the sentencing court; "jurisdiction" refers to personal and subject matter jurisdiction, including sentences based on non-existent laws)).
[10] Runyan, 121 Wash.2d at 444, 853 P.2d 424 (upholding the constitutionality of RCW 10.73.090).
[11] State v. Maxfield, 125 Wash.2d 378, 402, 886 P.2d 123 (1994), (citing State v. Elliott, 114 Wash.2d 6, 17, 785 P.2d 440 (1990)), petition granted, 133 Wash.2d 332, 945 P.2d 196 (1997).
[12] State v. Roche, 75 Wash.App. 500, 513, 878 P.2d 497 (1994); see also State v. Sargent, 36 Wash.App. 463, 464, 674 P.2d 1268 (1984) (trial court lacks jurisdiction when it imposes sentence contrary to law); State v. Silvemail, 25 Wash. App. 185, 193, 605 P.2d 1279, review denied, 93 Wash.2d 1021 (1980).
[13] See State v. Moen, 129 Wash.2d 535, 545, 919 P.2d 69 (1996) (citing Marley v. Department of Labor & Indus., 125 Wash.2d 533, 886 P.2d 189 (1994)).
[14] Moen, 129 Wash.2d at 545, 919 P.2d 69 (citing Marley, 125 Wash.2d at 539, 886 P.2d 189 (citing and quoting Restatement (Second) of Judgments § 11 (1982))).
[15] Moen, 129 Wash.2d at 545, 919 P.2d 69.
[16] In the Matter of the Personal Restraint of Fleming, 129 Wash.2d 529, 533-34, 919 P.2d 66 (1996) (citing In the Matter of the Personal Restraint of Moore, 116 Wash.2d 30, 33, 803 P.2d 300 (1991); In the Matter of the Personal Restraint of Carle, 93 Wash.2d 31, 33, 604 P.2d 1293 (1980)).
[17] Fleming, 129 Wash.2d at 534, 919 P.2d 66.
[18] Fleming, 129 Wash.2d at 533, 919 P.2d 66.
[19] See 1989 Wash. Laws, ch. 395, § 1 and § 2.
[20] See Moen, 129 Wash.2d at 543-44, 919 P.2d 69 (noting that some cases refer to a sentence imposed in excess of statutory authority as a jurisdictional matter) (citing State v. Loux, 69 Wash.2d 855, 858, 420 P.2d 693 (1966), overruled by State v. Moen, 129 Wash.2d 535, 919 P.2d 69 (1996)).
[21] See Price v. Kitsap Transit, 125 Wash.2d 456, 463, 886 P.2d 556 (1994) (Legislature presumed to know existing state of case law).
[22] Runyan, 121 Wash.2d at 440, 853 P.2d 424.
[23] Runyan, 121 Wash.2d at 443, 853 P.2d 424.
[24] In the Matter of the Personal Restraint of Hagler, 97 Wash.2d 818, 824, 650 P.2d 1103 (1982).
[25] See Roche, 75 Wash.App. at 512-13, 878 P.2d 497 (relying in part on this common law rule in holding that challenge to an offender score calculation is sentencing error that may be raised for first time on appeal) (quoting State v. Paine, 69 Wash.App. 873, 884, 850 P.2d 1369, review denied, 122 Wash.2d 1024, 866 P.2d 39 (1993)).
[26] See In the Matter of the Personal Restraint of Well, 133 Wash.2d 433, 441-42, 946 P.2d 750 (1997); Runyan, 121 Wash.2d at 450, 853 P.2d 424.