**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION  II**

| | |
|---|---|
| In the Matter of the<br>Personal Restraint Petition of<br><br>LARRY LOUIS ANTHONY DAVIS,<br><br>                    Petitioner. | No.  46860-3-II<br><br><br><br>UNPUBLISHED OPINION |

BJORGEN, A.C.J. – Larry Louis Anthony Davis seeks relief from personal restraint

imposed following his guilty plea convictions of second degree assault, attempted first degree

kidnapping, and violation of a no-contact order.  Davis asserts that the sentencing court exceeded

its jurisdiction (1) by imposing a sentence based on a miscalculated offender score and (2) by

imposing a community custody term for his second degree assault conviction that was not

authorized by statute.

We disagree with Davis's contention regarding the sentencing court's calculation of his

offender score.  But we accept the State's concession that the sentencing court erred by imposing

a 36-month community custody term for Davis's second degree assault conviction when RCW

9.94A.701(2) authorized only an 18-month community custody term.  We thus deny Davis's

petition in part, grant his petition in part, and remand for a correction of Davis's community custody term with regard to his second degree assault conviction.

FACTS

On October 27, 2010, the State charged Davis with attempted second degree child rape, attempted second degree rape, and felony harassment. The State later amended its charges to add two counts of indecent liberties. On February 6, 2012, the State again amended its charges to second degree assault, attempted first degree kidnapping, and violation of a no-contact order in exchange for Davis's agreement to plead guilty to those offenses. Davis was on community custody during the charging period alleged in the State's second amended information.

As part of his plea agreement, Davis stipulated to his criminal history, which criminal history included in relevant part prior convictions of second degree assault and residential burglary. On March 16, 2012, the trial court accepted Davis's guilty pleas and imposed concurrent standard range sentences of 43 months of incarceration for the second degree assault conviction and 83 months of incarceration for the attempted first degree kidnapping conviction based on an offender score of six.[1] The trial court also imposed 36 months of community custody for both convictions.

Davis appealed his convictions to this court, but later moved to voluntarily withdraw his appeal. We granted Davis's motion to withdraw his appeal on October 30, 2012, and we issued our mandate disposing of his direct appeal on December 5, 2012. Davis filed this petition over one year later, on October 8, 2014.

---

[1] The trial court imposed a 364-day suspended sentence for Davis's conviction of violation of a no contact order.

ANALYSIS

I. TIME BAR

RCW 10.73.090(1) provides,

> No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.

A personal restraint petition is a collateral attack on a judgment. RCW 10.73.090(2). Davis filed this petition on October 8, 2014, more than one year after his judgment and sentence became final on December 5, 2012, the date we issued our mandate disposing of his direct appeal. RCW 10.73.090(3)(b). Therefore, Davis's petition must be dismissed as untimely unless he can show that (1) RCW 10.73.090(1) does not apply because his judgment and sentence is facially invalid or not rendered by a court of competent jurisdiction or that (2) each of his claims falls under one or more exception to the time bar enumerated in RCW 10.73.100. *In re Pers. Restraint of Hankerson*, 149 Wn.2d 695, 702-03, 72 P.3d 703 (2003).

The State concedes that Davis's claims fall within RCW 10.73.100(5), which provision provides an exception to the time bar where "[t]he sentence imposed was in excess of the court's jurisdiction." However, "jurisdiction" under RCW 10.73.100(5) means only traditional notions of personal and subject matter jurisdiction. *In re Pers. Restraint of Vehlewald*, 92 Wn. App. 197, 201-02, 963 P.2d 903 (1998).

In *State v. Moen*, 129 Wn.2d 535, 545, 919 P.2d 69 (1996), our Supreme Court discussed the "distinction between a decision which exceeds jurisdiction and one which exceeds statutory authority." *See also Vehlewald*, 92 Wn. App. at 201-02 (discussing *Moen* in the context of RCW 10.73.100(5)). The *Moen* court stated that "a court has subject matter jurisdiction where the

court has the authority to adjudicate the *type of controversy* in the action, and . . . it does not lose subject matter jurisdiction merely by interpreting the law erroneously." 129 Wn.2d at 545. Accordingly, RCW 10.73.100(5)'s time bar exception does not apply to claims that the sentencing court imposed a sentence not authorized by statute. *Vehlewald*, 92 Wn. App. at 202-03; *see also In re Pers. Restraint of Richey*, 162 Wn.2d 865, 872, 175 P.3d 585 (2008) ("[A] sentence is not jurisdictionally defective merely because it is in violation of a statute or is based on a misinterpretation of a statute.") (citing RCW 10.73.100(5); *Vehlewald*, 92 Wn. App. at 201-02). We therefore reject the State's concession that Davis's claims are excepted from the time bar under RCW 10.73.100(5).

Although we reject the State's concession that Davis's claims are excepted from the time bar under RCW 10.73.100(5), we may analyze his otherwise untimely claim if he can show that the time bar does not apply because his judgment and sentence is not "valid on its face." RCW 10.73.090(1). Davis may make this showing if he can demonstrate from the face of his judgment and sentence that the sentencing court "in fact exceeded its statutory authority in entering the judgment or sentence." *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 135, 267 P.3d 324 (2011) (interpreting RCW 10.73.090(1)). Accordingly, we turn to whether Davis has made such a showing with respect to each of his claims.

## II. OFFENDER SCORE CALCULATION

Davis does not demonstrate that his judgment and sentence is facially invalid based on the sentencing court's calculation of his offender score at six and, thus, that claim is time barred. Davis's conviction of second degree assault is classified as a "violent offense" and his conviction of attempted first degree kidnapping is classified as a "serious violent offense" for purposes of

calculating his offender score. Former RCW 9.94A.030(44)(a)(vi), (ix), (53)(a)(viii) (2010). Therefore, with respect to each of these convictions, the sentencing court was required to count two points for each of Davis's prior and other current violent felony convictions, and one point for each of his prior nonviolent felony convictions. RCW 9.94A.525(8)-(9); *see also* RCW 9.94A.525(1) ("Convictions entered or sentenced on the same date as the conviction for which the offender score is being computed shall be deemed 'other current offenses' within the meaning of RCW 9.94A.589."); RCW 9.94A.589(1)(a) ("[T]he sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score."). Additionally, because Davis was on community custody during his commission of these offenses, the sentencing court was required to add one point to his offender score under RCW 9.94A.525(19).

Applying the above formula to Davis's conviction of second degree assault, the sentencing court properly calculated his offender score at six by counting two points for his other current violent offense of attempted first degree kidnapping, two points for his prior violent offense of second degree assault, one point for his prior nonviolent offense of residential burglary, and one point for Davis's commission of his current second degree assault offense while on community custody. Former RCW 9.94A.030(32), (53); RCW 9.94A.525(8), (19); former RCW 9A.52.025(2) (1989). Likewise, with respect to Davis's conviction of attempted first degree kidnapping, the sentencing court properly calculated his offender score at six by counting two points for his other current violent offense of second degree assault, two points for his prior violent offense of second degree assault, one point for his prior nonviolent offense of residential burglary, and one point for Davis's commission of his current attempted first degree

kidnapping offense while on community custody. Former RCW 9.94A.030(32), (53); RCW 9.94A.525(9), (19); former RCW 9A.52.025(2). Because Davis fails to demonstrate that his judgment and sentence is facially invalid based on a miscalculated offender score, his claim is time barred.

### III. COMMUNITY CUSTODY TERM

Davis demonstrates that his judgment and sentence is facially invalid for imposing a community custody term not authorized by statute with respect to his second degree assault conviction. Here, Davis's judgment and sentence states that he shall be on community custody for 36 months for both his convictions of attempted first degree kidnapping and second degree assault. The State concedes that the sentencing court erred by imposing a 36-month community custody term for Davis's conviction of second degree assault. We accept the State's concession. RCW 9.94A.701 provides in relevant part,

> (1) If an offender is sentenced to the custody of the department for one of the following crimes, the court shall, in addition to the other terms of the sentence, sentence the offender to community custody for three years:
> . . . .
> (b) A serious violent offense.
> (2) A court shall, in addition to the other terms of the sentence, sentence an offender to community custody for eighteen months when the court sentences the person to the custody of the department for a violent offense that is not considered a serious violent offense.

Under former RCW 9.94A.030(53)(a)(viii), second degree assault is a "violent offense that is not considered a serious violent offense" and, thus, the sentencing court "in fact exceeded its statutory authority" by imposing a 36-month community custody term for that conviction. RCW 9.94A.701(2); *In re Coats*, 173 Wn.2d at 135.

6

No. 46860-3-II

Accordingly, we deny Davis's petition in part with respect to his untimely offender score claim, grant his petition in part with respect to his community custody claim, and remand with directions for the sentencing court to correct Davis's sentence by reducing his community custody term to 18 months for his conviction of second degree assault.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

BJORGEN, A.C.J.

We concur:

MELNICK, J.

SUTTON, J.

7