IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| In re the Personal Restraint of:<br><br>EDWARD DANIEL BLAIR<br><br>               Petitioner. | No. 47446-8-II<br><br><br>UNPUBLISHED OPINION |

MAXA, J. — Edward Blair petitions for relief from his confinement stemming from his conviction of first degree child rape in 2008. Blair claims that his restraint is unlawful because his judgment and sentence contains two illegal community placement conditions that the Department of Corrections is enforcing against him: a condition prohibiting the purchase, possession or viewing of pornography and a condition restricting his use of the internet without advance approval of his community corrections officer (CCO) and therapist.[1]

We hold that (1) the condition prohibiting possession of pornography is invalid on its face as unconstitutionally vague and must be stricken from Blair's judgment and sentence and (2) the condition restricting Blair's internet use is not invalid on its face and therefore is

---

[1] Blair also claims as a third ground that the Department of Corrections has enforced these conditions and seized his property because it is pornography. However, in his reply brief he explains that he does not seek a remedy for these actions, but included them in his petition in order to show prejudice.

statutorily barred because it was filed more than one year after his judgment and sentence were final. Accordingly, we grant Blair's petition in part and deny it in part.

## FACTS

On October 6, 2008, Blair pleaded guilty to the charge of first degree child rape. The trial court imposed several community placement conditions. The two at issue here are

> (13)  [t]he defendant shall not use or access the internet (including via cellular devices) or any other computer modem without the presence of a responsible adult who is aware of the conviction, and the activity has been approved by the [CCO] and the sexual offender's treatment therapist in advance;
> . . . .
> (28)  The defendant shall not purchase, possess, or view any pornographic materials.

Personal Restraint Pet., App. A at 13-14.

## ANALYSIS

1.  Personal Restraint Petition Principles

Blair's judgment and sentence was final when he was sentenced on November 24, 2008. RCW 10.73.090(3)(a). A petitioner may seek collateral review for only one year after his judgment and sentence is final unless he can show that his judgment and sentence is invalid on its face, RCW 10.73.090, or that one of the six exceptions set out in RCW 10.73.100 applies.

A petition that contains both timely and untimely claims must be dismissed as a mixed petition. *In re Pers. Restraint of Stenson*, 150 Wn.2d 207, 220, 76 P.3d 241 (2003). Even with a mixed petition, however, we will addresses challenges to the facial validity of the judgment and sentence. *Id.*

2. Pornography Condition

Condition 28 prohibits Blair from purchasing, possessing or viewing pornographic materials. In *State v. Bahl*, 164 Wn.2d 739, 758, 193 P.3d 678 (2008), the Supreme Court held that a restriction on accessing or possessing pornographic materials was unconstitutionally vague. Under *Bahl*, we hold that condition 28 is invalid.

Because Blair's judgment and sentence contains an unconstitutional community custody condition, it is invalid on its face. Blair's judgment and sentence must be corrected to remove condition 28. *In re Pers. Restraint of Adams*, 178 Wn.2d 417, 424, 309 P.3d 451 (2013).

3. Internet Condition

Condition 13 prohibits Blair from using the internet without an adult present and prior approval from his CCO and treatment therapist. Blair argues that he did not use the internet in committing his offense and therefore it is not a crime-related prohibition. But whether a condition is crime-related depends on the facts of each case and imposing crime-related conditions is within the trial court's discretion. As a result, whether a particular condition is invalid because it is not crime-related cannot be determined from the face of the judgment and sentence. Therefore, Blair has failed to show that the condition restricting his internet use renders his judgment and sentence invalid on its face.

Alternatively, Blair argues that the trial court exceeded its jurisdiction in imposing this condition, which is an exception to the one-year time limit set out in RCW 10.73.100(5). But a trial court does not exceed its jurisdiction in imposing an erroneous sentence. *In re Pers. Restraint of Vehlewald*, 92 Wn. App. 197, 203-04, 963 P.2d 903 (1998) (RCW 10.73.090 time bar prevents claim from being raised).

3

No. 47446-8-II

This petition is granted in part and denied in part. This matter is remanded to the trial court for correction of petitioner's judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

WORSWICK, P.J.

LEE, J.