## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In re the Personal Restraint Petition of:<br><br>RAYMOND MAYFIELD WILLIAMS, JR.<br><br>Petitioner. | No.  49894-4-II<br><br><br>UNPUBLISHED OPINION |

MELNICK, J. — Raymond Williams seeks relief from personal restraint imposed following his 2008 Cowlitz County conviction for assault in the second degree. The conviction was his "third strike" under the Persistent Offender Accountability Act (POAA).[1]  Thus, the court sentenced Williams to total confinement for life without the possibility of release.

In his personal restraint petition (PRP), Williams challenges the 2008 sentencing court's use of a 1997 Thurston County conviction as his first strike. Williams argues that his 1997 conviction should not have counted as a strike.

Williams argues that his PRP is not time barred because he satisfies two exceptions to the one-year time bar. He argues his sentence was imposed in excess of the court's jurisdiction and argues that a significant change in the law has occurred.[2]

We deny Williams's petition.

---

[1] RCW 9.94A.570.

[2] We asked for and received supplemental briefing on whether the 1997 conviction, committed when Williams was a juvenile, could be used as a strike offense under the POAA. Amicus curiae, the Fred T. Korematsu Center for Law and Equality, argues that the POAA, as applied to Williams, is unconstitutional. Because of our conclusion that Williams's PRP is time barred, we do not address these issues. *In re Pers. Restraint of Stenson*, 150 Wn.2d 207, 220, 76 P.3d 241 (2003).

FACTS

In 1997, the State charged Williams, then 16 years old, with one count of burglary in the first degree and two counts of theft of a firearm. Williams waived his right to be a tried as a juvenile, and the Thurston County Superior Court entered a decline order transferring Williams for adult criminal prosecution. Williams, then 17, plead guilty to one count of burglary in the first degree and one count of custodial assault. The court sentenced Williams as an adult.

In 2004, the State convicted Williams of burglary in the first degree.

In 2008, Williams plead guilty to assault in the second degree. The court used this conviction as Williams's third strike under the POAA. The court used Williams's 1997 and 2004 convictions as his first and second strikes.

At his sentencing hearing, the court stated: "You agree that you have a prior conviction for burglary in the first degree out of Thurston County in 1997 and another for burglary in the first degree out of King County in 2004?" Amended Br. of Resp't in Response to PRP, App. B, at 8. Williams responded, "Yes." Amended Br. of Resp't in Response to PRP, App. B, at 8. The court sentenced Williams to total confinement for life without the possibility of release.

In 2016, Williams brought this PRP to challenge his POAA lifetime sentence imposed in 2008.

ANALYSIS

Williams argues that in 2008, the court erroneously found him a persistent offender because it erroneously counted his 1997 conviction as his first strike. Therefore, Williams argues that the court erred in sentencing him to life imprisonment without the possibility of release under the POAA.

Williams argues that his PRP is not time barred under RCW 10.73.090 because of two exceptions. He first argues that a significant change in the law has occurred. RCW 10.73.100(6). He also argues the 2008 court imposed a sentence in excess of its jurisdiction. RCW 10.73.100(5).[3] We disagree.

I.  LEGAL PRINCIPLES

In a PRP, the petitioner has the initial burden. RAP 16.4; *In re Pers. Restraint of Lord*, 152 Wn.2d 182, 188, 94 P.3d 952 (2004). "A personal restraint petitioner must prove either a (1) constitutional error that results in actual and substantial prejudice or (2) nonconstitutional error that 'constitutes a fundamental defect which inherently results in a complete miscarriage of justice.'" *In re Pers. Restraint of Monschke*, 160 Wn. App. 479, 488, 251 P.3d 884 (2010) (internal quotation marks omitted) (quoting *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 672, 101 P.3d 1 (2004)). The petitioner must prove the error by a preponderance of the evidence. *Lord*, 152 Wn.2d at 188. In addition, "[t]he petitioner must support the petition with facts or evidence and may not rely solely on conclusory allegations." *Monschke*, 160 Wn. App. at 488; *see* RAP 16.7(a)(2)(i).

In evaluating PRPs, we can

(1) dismiss the petition if the petitioner fails to make a prima facie showing of constitutional or nonconstitutional error, (2) remand for a full hearing if the petitioner makes a prima facie showing but the merits of the contentions cannot be determined solely from the record, or (3) grant the PRP without further hearing if the petitioner has proven actual prejudice or a miscarriage of justice.

*In re Pers. Restraint of Stockwell*, 160 Wn. App. 172, 176-77, 248 P.3d 576 (2011).

---

[3] Williams does not argue that his 2008 sentence is facially invalid. RCW 10.73.090(1). Nor does Williams argue that he is under restraint pursuant to the 1997 conviction.

II.     ONE-YEAR TIME BAR

In general, there is a one-year time limit for filing PRPs. RCW 10.73.090(1). PRPs filed more than one year after the judgement and sentence becomes final are usually time barred unless an exception applies. RCW 10.73.090, .100. Because Williams's PRP was brought more than one year after his 2008 POAA conviction, his PRP is time barred unless he demonstrates that an exception applies.

Williams claims that two exceptions apply in this case to exempt it from the time bar. They are that "[t]he sentence imposed was in excess of the court's jurisdiction" and that "[t]here has been a significant change in the law." PRP at 5; *see* RCW 10.73.100(5), (6). We disagree.

A.      Significant Change in the Law

Williams only mentions that a significant change in the law occurred on two occasions. He does not cite RCW 10.73.100(6). Because Williams does not adequately argue, cite to authority, or support his assertion that there has been a significant change in the law, we do not consider it. *State v. Thomas*, 150 Wn.2d 821, 868-69, 83 P.3d 970 (2004).

B.      Sentence in Excess of Court's Jurisdiction

Williams argues that his petition is exempt from the one-year time bar because the 1997 conviction exceeded the Thurston County Court's jurisdiction. Williams argues that because the juvenile court improperly declined Williams's case to adult court, the superior court's adult division lacked the jurisdiction in 1997 to convict and sentence him. Therefore, according to Williams, the 2008 court lacked jurisdiction to sentence him as a persistent offender. We disagree.

A court has subject matter jurisdiction when it "'has the authority to adjudicate the type of controversy in the action, and . . . it does not lose subject matter jurisdiction merely by interpreting the law erroneously.'" *In re Pers. Restraint of Vehlewald*, 92 Wn. App. 197, 201-02, 963 P.2d

4

49894-4-II

903 (1998) (alteration in original) (emphasis omitted) (quoting *State v. Moen*, 129 Wn.2d 535, 545, 919 P.2d 69 (1996)). Consequently, a sentence is not jurisdictionally defective for purposes of triggering the exception in RCW 10.73.100(5) simply because it is in violation of a statute or based on a misinterpretation of a statute. *In re Pers. Restraint of Richey*, 162 Wn.2d 865, 872, 175 P.3d 585 (2008).

Williams conflates "jurisdiction" with "statutory authority." The excess of jurisdiction exception is narrow. Jurisdiction, under RCW 10.73.100(5), only means traditional notions of personal and subject matter jurisdiction; it does not apply to claims that the sentencing court imposed a sentence not authorized by statute. *Vehlewald*, 92 Wn. App. at 201-03. Williams's 2008 judgment and sentence was not imposed in excess of jurisdiction because the Washington Superior Court had personal jurisdiction over him and subject matter jurisdiction over his in-state criminal conduct. WASH. CONST. art. 4, § 6; *State v. Werner*, 129 Wn.2d 485, 492-93, 918 P.2d 916 (1996). Therefore, we conclude that Williams's PRP does not survive the one-year time bar.

We deny Williams's petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

We concur:

Maxa, C.J.

Lee, J.

5