# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of the Personal Restraint of: | No.  61788-9-II |
| MICHAEL WALTER WOOD, | |
| Petitioner. | UNPUBLISHED OPINION |

PRICE, A.C.J. — In this personal restraint petition, Wood seeks relief from personal restraint following his 2016 convictions for four counts of unlawful possession of a controlled substance (UPCS) with intent to deliver and one count of first degree unlawful possession of a firearm.  Wood argues that his judgment and sentence, which imposed a sentence of 480 months' confinement, is facially invalid.  We disagree and dismiss Wood's petition as time barred.

FACTS

Following a bench trial, Wood was found guilty of five counts: count I—UPCS with intent to deliver with a firearm enhancement, count II—UPCS with intent to deliver with a firearm enhancement, count III—UPCS with intent to deliver with a firearm enhancement, count IV—UPCS with intent to deliver, and count V—first degree unlawful possession of a firearm.  Counts I-III also included school bus stop route enhancements.

Wood had an extensive criminal history, resulting in an offender score of 15.  Wood's prior convictions included a 1997 conviction for unlawful delivery of a controlled substance with a firearm enhancement.

No. 61788-9-II

The trial court imposed standard range base sentences of 96 months on counts I-III, 100 months on count IV, and 116 months on count V, all to be served concurrently.

But enhancements greatly increased the length of the sentence. The trial court imposed 120-month firearm sentence enhancements and 24-month school bus stop route enhancements on each of counts I-III. The three firearm sentence enhancements were to be served consecutively. The three school bus stop route enhancements were to run consecutively to the rest of the sentence but concurrently with each other.

This resulted in a sentence of 240 months on count I (96 months base + 120 month firearm enhancement + 24 month school bus stop enhancement), and an additional 240 months for the firearm sentence enhancements on count II (120 month firearm enhancement (with the rest of imposed time running concurrently with count I)) and count III (same), for a total of 480 months' confinement.

Wood appealed his convictions and this court affirmed. *State v. Wood*, No. 49593-7-II, slip op. at 1 (Wash. Ct. App. Dec. 19, 2017) (unpublished).[1] The mandate in Wood's direct appeal was issued on May 10, 2018. Mandate, *State v. Wood*, No. 49593-7-II (May 10, 2018).

In March 2025, Wood filed a CrR 7.8 motion challenging the validity of his sentence. The superior court transferred Wood's CrR 7.8 motion to this court for consideration as a personal restraint petition.

---

[1] https://www.courts.wa.gov/opinions/pdf/D2%2049593-7-II%20Unpublished%20Opinion.pdf

2

ANALYSIS

Wood argues that this petition is timely because his judgment and sentence is facially invalid. Wood argues that the trial court did not have the authority to impose a total of 480 months' confinement based on the length of his three firearm sentencing enhancements. Specifically, Wood appears to argue that the trial court had only the authority to impose firearm enhancements of 36 months (not 120 months) for counts I-III.

We disagree. Because Wood's sentence was authorized by statute, his judgment and sentence is facially valid. Accordingly, Wood's petition is time barred.

RCW 10.73.090(1) requires that a petition be filed within one year of the date that the petitioner's judgment and sentence becomes final. Wood's judgment and sentence became final in 2018, when this court issued the mandate following his direct appeal. RCW 10.73.090(3)(b); Mandate, *State v. Wood*, No. 49593-7-II (May 10, 2018). Wood did not file this petition until 2025, well over one year later. Thus, Wood's petition is time barred unless he shows that his judgment and sentence is facially invalid or was not rendered by a court of competent jurisdiction. RCW 10.73.090(1).

A judgment and sentence is facially invalid if it "evidences the invalidity without further elaboration." *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 866, 50 P.3d 618 (2002). For a judgment and sentence to be facially invalid, "the sentencing court must actually pass down a sentence not authorized under the [Sentencing Reform Act of 1981, chapter 9.94A RCW (SRA)]." *In re Pers. Restraint of Toledo-Sotelo*, 176 Wn.2d 759, 767, 297 P.3d 51 (2013).

Wood claims that his judgment and sentence is facially invalid because the trial court lacked statutory authority to impose 360 months' additional confinement based on firearm sentencing enhancements.

Firearm sentencing enhancements are governed by RCW 9.94A.533. RCW 9.94A.533(3) provides that the following additional time shall be added to a standard range sentence if the offender was armed with a firearm:

> (a) Five years for any felony defined under any law as a class A felony *or with a statutory maximum sentence of at least twenty years*, or both, and not covered under (f) of this subsection;
>
> (b) Three years for any felony defined under any law as a class B felony or with a statutory maximum sentence of ten years, or both, and not covered under (f) of this subsection;
>
> . . . .
>
> (f) The firearm enhancements in this section shall apply to all felony crimes except the following: Possession of a machine gun or bump-fire stock, possessing a stolen firearm, drive-by shooting, theft of a firearm, unlawful possession of a firearm in the first and second degree, and use of a machine gun or bump-fire stock in a felony[.]

(Emphasis added).

UPCS with intent to deliver is a class B felony with a statutory maximum sentence of 10 years. RCW 69.50.401(2)(a)-(b), RCW 9A.20.021(b). Typically, then, a UPCS with intent to deliver, if committed with a firearm, would be subject to a three-year firearm enhancement under RCW 9.94.A.533(3)(b).

However, the statutory maximum of UPCS with intent to deliver is doubled if the offender had previously committed a controlled substances offense. Under RCW 69.50.408(1), "[a]ny person convicted of a second or subsequent offense under this chapter may be imprisoned for a term up to twice the term otherwise authorized . . . ." Wood's 1997 conviction for unlawful

4

delivery of a controlled substance triggered this statutory provision for Wood's 2016 convictions. Thus, the statutory maximum sentence for Wood's 2016 UPCS with intent to deliver convictions was not 10 years, it was 20 years. And because Wood's statutory maximum was 20 years, his firearm sentencing enhancements were authorized to be 5 years (60 months) under RCW 9.94A.533(3)(a), not the typical 3 years.

But even this 5-year duration was doubled to 10 years (or 120 months) under a separate provision of the firearm sentencing enhancement statute. That provision, RCW 9.94A.533(3)(d), requires that firearm sentencing enhancements must be doubled if an offender has previously been sentenced for any deadly weapon enhancement after July 1995:

> If the offender is being sentenced for any firearm enhancements under (a), (b), and/or (c) of this subsection and the offender has previously been sentenced for any deadly weapon enhancements after July 23, 1995, under (a), (b), and/or (c) of this subsection or subsection (4)(a), (b), and/or (c) of this section, or both, all firearm enhancements under this subsection *shall be twice* the amount of the enhancement listed[.]

(Emphasis added).

Again, Wood's 1997 conviction triggers this provision. Because Wood's 1997 conviction was for unlawful delivery of a controlled substance *with a firearm enhancement*, Wood's firearm sentencing enhancements for his three UPCS with intent to deliver convictions were doubled from 5 years (60 months) to 10 years (120 months).[2]

---

[2] Under RCW 9A.04.110(6), " 'Deadly weapon' means any explosive or loaded or unloaded firearm . . . ."

Finally, RCW 9.94A.533(3)(e) requires that all firearm sentencing enhancements run consecutively to all other sentencing provisions, including other firearm enhancements. Therefore, the trial court properly imposed the firearm sentencing enhancements consecutively to each other.

Despite this, Wood argues that these provisions do not apply because the firearm sentencing enhancement statute, RCW 9.94A.533, states that it applies only to "standard sentence ranges determined by RCW 9.94A.510 or 9.94A.517." RCW 9.94A.533(1).[3] Wood appears to contend that because his sentences were increased from a statutory maximum of 10 years to 20 years by operation of RCW 69.50.408(1) and because RCW 69.50.408 is not expressly referenced in the firearm sentencing statute (RCW 9.94A.533), the trial court did not have the authority to consider the statutory maximum determined by RCW 69.50.408 when determining the length of the firearm sentencing enhancement. Accordingly, Wood argues that the trial court had no authority to impose firearm sentence enhancements under RCW 9.94A.533(3)(a) (requiring five-year enhancements); instead, it should have imposed firearm enhancements under RCW 9.94A.533(3)(b) (requiring three-year enhancements).

Wood's argument is unpersuasive. The standard ranges that the trial court used for the base sentences for Wood's UPCS with intent to deliver convictions comes from the sentencing grid in RCW 9.94A.517—one of the two statutes expressly listed in RCW 9.94A.533(1). Thus, RCW 9.94A.533 properly applies to Wood's convictions. And, in any event, RCW 9.94A.533(3)(a) and (b) do not prescribe the length of the firearm sentencing enhancement based

---

[3] RCW 9.94A.533(1) provides, "The provisions of this section apply to the standard sentence ranges determined by RCW 9.94A.510 or 9.94A.517."

on the standard ranges from the sentencing grids, they prescribe the length based on statutory maximums. Therefore, nothing in RCW 9.94A.533 prohibited the trial court from considering the statutory maximum sentence set by RCW 69.50.408 when it determined the length of the firearm sentencing enhancements under RCW 9.94A.533(3).

Wood fails to show that his judgment and sentence is facially invalid.[4] Thus, Wood's petition is time barred under RCW 10.73.090 and must be dismissed.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, A.C.J.

We concur:

GLASGOW, J.

CRUSER, J.

---

[4] Wood also claims that his petition is not time barred under the time-bar exception in RCW 10.73.100(5). RCW 10.73.100(5) provides an exception to RCW 10.73.090's one year time bar when the petition alleges that the "sentence imposed was in excess of the court's jurisdiction[.]" For the purposes of RCW 10.73.100(5), jurisdiction refers to personal or subject matter jurisdiction. *In re Pers. Restraint of Runyan*, 121 Wn.2d 432, 441 n.5, 853 P.2d 424 (1993). "A court has 'subject matter jurisdiction where the court has the authority to adjudicate the *type of controversy* in the action, and . . . it does not lose subject matter jurisdiction merely by interpreting the law erroneously.' " *In re Pers. Restraint of Vehlewald*, 92 Wn. App. 197, 201-02, 963 P.2d 903 (1998) (alteration in original). Wood has failed to identify anything that would deprive the trial court of *jurisdiction* to impose his sentence. Accordingly, the exception to the time bar in RCW 10.73.100(5) does not apply.